# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JESUS R. OLIVA,

    Petitioner,

v.                                                    CASE NO. 8:05-CV-246-T-30EAJ

JAMES McDONOUGH, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging a conviction for manslaughter with a firearm entered in 2000 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a response to the petition (Dkt. 7), and Petitioner has filed a reply thereto (Dkt. 14). The matter is now before the Court for consideration on the merits of the petition.

An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2007). A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claim because Respondent does not dispute the timeliness of the petition or assert that the claim is not exhausted in state court.

**Standard of Review**

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fagged v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt).

Pursuant to 28 U.S.C. § 2254(a) "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. at 792; *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 16 (quoting *Early v. Packer,* 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

**Discussion**

Petitioner asserts that he was charged by indictment with second degree murder, and the trial court instructed the jury on second degree murder and voluntary manslaughter. Petitioner's sole claim is that his trial counsel provided ineffective assistance by failing to object to the voluntary manslaughter jury instruction on the ground that it contained an intent element not alleged in the charging document. He argues that "intentional manslaughter with a firearm" was not an available lesser included offense of the second degree murder statute in his case because the information sworn to by the State did not allege that he had the intent to kill the victim, and therefore, his counsel was ineffective by failing to object to the manslaughter jury instruction.

Petitioner raised this claim as his Ground One in his 3.850 state post-conviction motion (Dkt. 8, Ex. 7). The state trial court order denying the Rule 3.850 motion reads, in pertinent part:

> In grounds one and two, Defendant alleges ineffective assistance of counsel. When a claim of ineffective assistance of counsel is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the grounds resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant must first show the specific errors or omissions which were so egregious as to constitute a failure to provide "counsel" under the Sixth Amendment, and second, the defendant must show the prejudice that resulted. Id. In order to satisfy the prejudice prong, the defendant must affirmatively show that there is a reasonable probability that, but for counsel's error, the outcome of the trial would have been different. Id.
>
> In ground one, Defendant alleges ineffective assistance of counsel for failing to object to the voluntary manslaughter instruction on the ground that it contained an intent element not alleged in the charging document,

>   warranting vacating the manslaughter conviction as in <u>Duncan v. State</u>, 703 So. 2d 1069 (Fla. 5th DCA 1997). Defendant contends under the circumstances of his case, intentional manslaughter with a firearm was not an available lesser-included offense consistent with the second-degree murder statute, where the Information sworn by the State did not allege that Defendant had the "intent to kill." However, the record reflects that the Manslaughter instruction given by the Court did not contain any element that in order to be convicted of Manslaughter it would be necessary for the State to prove that Defendant had a premeditated intent to cause death. (<u>See</u> jury instruction of manslaughter, trial transcript, vol. 111, pp. 386-387, attached). Defendant fails to meet the first prong the <u>Strickland</u> test and, as such, no relief is warranted on this ground.

(Dkt. 8, Ex. 8).

The trial court cited *Strickland v. Washington*, to reject Petitioner's ineffective assistance of counsel claim. (Dkt. 8, Ex. 8). Therefore, in order to obtain relief on this ineffective assistance of counsel claim, Petitioner must establish that the state trial court incorrectly and unreasonably applied the *Strickland* standard in reaching its determination that the claims raised in his Rule 3.850 motion lacked merit.

To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is defined in *Strickland* as performance which is objectively unreasonable under prevailing professional norms. *Id*. at 688. The deficient performance must also be shown to prejudice the defense. Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The *Strickland* standard requires both prongs to be met in order for a court to grant relief, therefore if this Court determines that Petitioner has made an insufficient showing as to one prong, the Court is not required to analyze the second prong. *Strickland*, 466 U.S. at 697. Moreover, an evidentiary hearing does not need to be conducted if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Diaz v. U.S.*, 930 F.2d 832, 834 (11th Cir. 1991).

Initially, defense counsel is not deficient for failing to object to a standard jury instruction that has not been invalidated by the Florida Supreme Court. *Thompson v. State*, 759 So.2d 650, 665 (Fla. 2000). "[M]anslaughter is a necessary lesser included offense of second-degree murder." *Rayl v. State*, 891 So.2d 1052, 1055 (Fla. 2nd DCA 2004). The state trial court gave a standard jury instruction on manslaughter (Dkt. 8, Ex. 16, Vol. II at 56).

Petitioner argues that voluntary manslaughter is a lesser included offense of first-degree murder, but not second-degree murder, and therefore, because he was charged with second-degree murder the voluntary manslaughter instruction was inappropriate. In support of his argument he cites to *Duncan v. State*, 703 So. 2d 1069 (Fla. 5th DCA 1997),[1] and he maintains that his counsel was ineffective for failing to object to the voluntary manslaughter instruction and argue *Duncan* in support of the objection. However, in *Rayl* the Second

---

[1] In *Duncan*, the Fifth District Court of Appeal of Florida stated "[i]t is only when manslaughter is being defined as a lesser included offense of first degree premeditated murder that the instruction for voluntary manslaughter is to be given." *Id.*, 703 So. 2d at 1070.

District Court of Appeal, the appellate court for the district in which the trial court in Petitioner's case is located, stated that "the dicta in Duncan suggesting that manslaughter is not a standard necessary lesser included offense of second-degree murder is an incorrect statement of law, which contradicts precedent from the Florida Supreme Court and this court." *Id.*, 891 So. 2d at 1055.  If there is conflict between the district courts, the trial court is bound by the precedent in its own appellate district. *See Pardo v. State*, 596 So. 2d 665, 666-67 (Fla. 1992). "Counsel is not deficient for failing to raise an argument which runs contrary to the law or controlling precedent at trial or on appeal." *Coley v. Sec'y of Dep't of Corr.*, 2007 U.S. Dist. LEXIS 26075 *13 (M.D. Fla. 2007)(citing *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983); *U.S. v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992)(finding an attorney was not ineffective for failing to argue a meritless issue)). Moreover, the dicta in *Duncan* "is without force as a judicial precedent[.]" *See Pooton v. Berutich*, 199 So. 2d 139, 142 (Fla. 2nd DCA 1967).

"Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Petitioner fails to demonstrate that under the circumstances no reasonable lawyer would have failed to object to the manslaughter jury instruction.

Petitioner has not shown that the state courts ruling resulted in a decision that was contrary to, or involved an unreasonable application of *Strickland v. Washington*. Therefore, Petitioner's claim does not warrant habeas corpus relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ Of Habeas Corpus is **DENIED** (Dkt. 1).

2. The Clerk of Court shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 15, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished:
Counsel/Parties of Record